# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**CARLTON ROBINSON,**

    Petitioner**,**

**v.**

    **Civil No.: 1:20-CV-251**
    JUDGE BAILEY

**ANTONELLI,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 3, 2020, Carlton Robinson ("the petitioner"), filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On that same date, he also paid the filing fee. [Doc. 2]. The petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio.  On November 8, 2021, the respondent was directed to show cause why the petition should not be granted. On January 4, 2021, the respondent filed a Motion to Dismiss for lack of jurisdiction. [Doc. 14].  On January 5, 2021, a Roseboro Notice was issued. [Doc. 15].  On January 18, 2021, the petitioner filed a response. [Doc. 17].  Accordingly, this matter is ripe for a Report and Recommendation.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on CM/ECF as well as his PSR which was provided by the sentencing judge.  See United States v. Darby, No.: 1:10-cr-432-DAP.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

### A. Conviction and Sentence

On November 20, 2001, the petitioner was charged in a two-count indictment. Count One charged a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Count Two charged a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), Possession with Intent to Distribute Cocaine. On March 1, 2002, the petitioner pleaded guilty to both counts of the indictment.

The petitioner's Presentence Investigation Report ("PSR") identified two predicate offenses for purposes of the Career Offender Enhancement[2] under U.S.S.G. § 4B1.1: (1) Robbery in violation of Ohio Rev. Code § 2911.02, and (2) Preparation of Drugs for Sale in violation of Ohio Rev. Code § 2925.07(A). On May 1, 2002, the district court found that the petitioner qualified as a career offender, which elevated his Base Offense Level from 32 to 37. At the time of his sentencing, the petitioner received a three-level reduction for acceptance of responsibility, making his final sentencing level 34 and putting him in a Criminal History Category VI. Accordingly, the mandatory guideline range was 262 to 327 months. The petitioner was then sentenced to a term of incarceration of 262 months followed by five years of supervised release.

### B. Direct Appeal

The petitioner appealed his conviction, and the Sixth Circuit affirmed on November 14, 2003. He then filed a petition for writ of certiorari with the Supreme Court, which was denied on March 22, 2004.

---

[2] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1.

### C.  § 2255

On January 25, 2016, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, the petitioner argued that the Supreme Court decision in Johnson v. United States, 576 U.S. 591 (2015) invalidated his sentence. More specifically, the petitioner argued that under Johnson, his Ohio robbery conviction was not a crime of violence under the Guidelines because it only qualifies as such under the residual clause of the Guidelines' definition of "violent felony," which is identical to the residual clause in the ACCA.[3]

On May 23, 2016, the § 2255 motion was denied and no certificate of appealability was issued. In denying the motion, the district court first found that the rule announced in Johnson was a non-watershed procedural rule as applied to the residual clause of the Guidelines and therefore did not apply retroactively to cases on collateral review. The court also found that even if Johnson was retroactive in this context, the petitioner's robbery conviction qualified as a predicate offense because it met the Guideline's definition of crime of violence under the "elements clause,"[4] because it was clear that he

---

[3] In Johnson, the Supreme Court considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(2)(B) ("the ACCA"). The ACCA imposes a heightened mandatory minimum sentence for a person who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony." The residual clause of the ACCA defines a "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year … that … otherwise involves conduct that presents a serious risk of physical injury to another." Id.  In Johnson, the Court held this provision void for vagueness.

[4] At the time of the petitioner's original sentencing, the Guidelines defined "crime of violence" as:

> (a) [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding on year, that –

3

was convicted under Ohio Rev. Code 2911.02(A)(3) which defines robbery as follows:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall:
>
> (3) Use or threaten the immediate use of force against another.

The petitioner filed a Notice of Appeal of June 6, 2016, seeking a Certificate of Appealability and reasserting the same arguments in his § 2255. His application for a certificate of appealability was granted on November 17, 2017. However, the Sixth Circuit Court of Appeals ultimately affirmed the District Court's denial of the § 2255 motion, noting that it had previously held that the "right … recognized by the Supreme Court" in Johnson does not extend to the federal sentencing guidelines – whether mandatory or not." The mandate issued on November 6, 2018. On November 28, 2018, the petitioner filed a petition for writ of certiorari, which was denied on January 7, 2019.

### D. Additional Proceedings

On January 16, 2019, the petitioner filed an unopposed Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act arguing that said section permits courts to impose reduced sentences on any prisoners still serving a sentence for a crack-cocaine offense if that sentence was imposed when the pre-Fair Sentencing Act penalty structure still applied.

Although the parties jointly agreed that the petitioner should be resentenced, they

---

> (1) Has an element the use, attempted use, or threatened use of physical force against the person or another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. 4B1.2(a) (2001).

disagreed on the specific term. The government argued that the petitioner should be resentenced to the low end of his new sentencing guideline range, that being 188 months. The petitioner's counsel, however, requested that the court grant an additional one-level variance resulting in a range of 168 to 210 months, and impose a sentence of 168 months. In seeking this variance, counsel argued that: (1) the petitioner would not be a career offender if re-sentenced "today;" and (2) outlined his rehabilitative efforts during his incarceration.

In noting that the petitioner would not be a career offender, counsel cited the Sixth Circuit's holding in United States v. Yates, 866 F.3d 723 (6th Cir. 2017), which found that Ohio's robbery statute did not contain an element of force and did not qualify as a crime of violence under the career offender guideline. Accordingly, counsel asserted the petitioner's guideline range would be 57 to 71 months. However, because he was seeking a reduction under the First Step Act, counsel acknowledged that he arguably was not entitled to a full resentencing and did not advance such a claim.

On March 14, 2019, the court granted the petitioner's motion and reduced his 262-monnth sentence to 168 months.

On December 22, 2020, the petitioner filed a Motion for Compassionate Release based upon his medical conditions and risks for contracting COVID-10. The court denied his motion of January 13, 2021, finding that no extraordinary or compelling reasons existed.

On February 3, 2021, the petitioner filed a Supplemental Motion to Reduce Sentence. His motion was denied on February 24, 2021.

On March 9. 2021, the petitioner filed a Motion for Reconsideration of the court's

denial of his Motion for Compassionate Release, arguing that there was now an additional ground to establish extraordinary and compelling circumstances under the statute. More specifically, the petitioner argued that his robbery conviction in Cuyahoga County that was used to qualify him as a career offender when he was sentenced, no longer qualified as a predicate offense for career offender purposes. The motion was denied, and in its Oder, the district court noted that this argument had already been made in the course of his Motion Pursuant to Section 404 of the First Step Act.

### III.   § 2241 PETITION

#### A. Petitioner's Claims

The petitioner makes the same argument that was raised twice now in the Northern District of Ohio. Without specifically naming the decision, the petitioner alleges that he no longer qualifies as a career offender, because the Sixth Circuit has ruled that the relevant Ohio robbery statute is not a crime of violence. For relief, the petitioner requests that this Court vacate his sentence and resentence him without the career criminal enhancement.

#### B. Respondent's Motion to Dismiss

The respondent maintains that the petitioner cannot meet the second prong of the Wheeler test, because to the extent that he relies on the Sixth Circuit decision in Yates, that decision has not been deemed retroactive for purposes of collateral review by the Supreme Court. In addition, the respondent has provided the Court with documentation that the petitioner's Ohio conviction was under Ohio Revised Code §2911.02(A)(2), which was not the subject of the Yates decision.

#### C. Petitioner's Response

In response, the petitioner argues that his 1995 Ohio robbery indictment and subsequent conviction did, in fact, charge the use or threatened use of force and did not charge the use of harm, as suggested by the respondent. The petitioner further notes that he was sentenced in 2002, his § 2255 motion was in 2016, and the Yates decision was entered in 2017. Finally, the petitioner maintains that Yates is a case of statutory interpretation, and therefore, is retroactive.

### III.    STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In

Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.  Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## IV. ANALYSIS

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

9

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001).

In evaluating the petitioner's eligibility for habeas relief under § 2241 via § 2255(e)'s savings clause, this Court is directed to apply the procedural law of the circuit in which it sits and the "substantive law of the circuit where [the petitioner] was convicted" to the "petitioner's "substantive claims." Hanh v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). Because the petitioner was sentenced in the United States District Court for the Northern District of Ohio, this Court must look to the substantive law of the Third Circuit and the procedural law of the Fourth Circuit to determine whether the petitioner is entitled to relief under the savings clause of § 2255.

In United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), the Fourth Circuit set forth the savings clause test to be applied to § 2241 petitioners that challenge a sentence as does the petitioner herein. Specifically, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when all four following conditions are met:

> (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned

>settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now represents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3rd at 429.

In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

The undersigned reiterates that the petitioner alleges that the Sixth Circuit has ruled this his predicate offense of Ohio robbery is no longer a crime of violence. After considerable deliberation and research, the undersigned believes that the writ should be granted, and the petitioner granted immediate release.

At the time of the petitioner's 1996 state conviction, Ohio Revised Code § 2911.02 defined robbery as:

>(A) No, person, in attempting or committing a theft offense, as defined in section 2931.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall:
>
>>(1) Have a deadly weapon on or about the offender's person or under the offender's control;
>>
>>(2) Inflict, attempt to inflict, or threaten to inflict physical harm to another;

11

>  (3) Use or threaten the immediate use of force against another.

Ohio Rev. Code Ann § 2911.02.

In <u>Yates</u>, the Sixth Circuit determined that a conviction under Ohio Rev. Code § 2911.02(A)(3) does not qualify as a crime of violence for purposes of a career offender enhancement. In so finding, the Sixth Circuit applied the categorical approach and determined that Ohio's expansive definition of force covered more than violent force capable of causing physical pain or injury to another person and determined a "realistic probability" exists that Ohio is applying Ohio Rev. Code Ann. § 2911.02(A)(3) in such a way that criminalizes a level of force lower than the type of violent force required by <u>Johnson v. United States</u>, 576 U.S. 591 (2015).

The respondent argues that <u>Yates</u> does not provide the petitioner relief because <u>Yates</u> has not been deemed retroactive for purposes of collateral review by the Supreme Court. Accordingly, the respondent maintains that the petitioner cannot meet the second prong of the <u>Wheeler</u> test. The undersigned respectfully disagrees. In <u>Wheeler,</u> the Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in <u>Wheeler</u>. 886 F.3d at 429.[5]

Turning then to the Sixth Circuit decision in <u>Yates</u>, the undersigned notes that it was decided in the context of an appeal of a career offender enhancement. More

---

[5] "We see no need to read the savings clause as dependent only on a change in Supreme Court law…'only a Supreme Court decision can 'open the door to successive relief' because § 2255(h), which pertains to second or successive § 2255 motions, requires a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.' Congress could have made savings clause relief dependent only on changes in Supreme Court constitutional law by using the identical language § 2255(e), but it did not." <u>Wheeler</u>, 886 F.3d 428-49 (internal citations omitted).

specifically, the Presentence Report prepared in connection with Yates's resentencing[6], determined that he was a career offender under U.S.S.G. § 4B1.1 based on his 1999 Ohio robbery conviction and his 2008 Ohio drug-trafficking conviction.

Yates was convicted for robbery under Ohio Rev. Code Ann. § 2911.02(a)(3) which as noted earlier provides as follows:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall…

(3) Use or threaten the immediate use of force against another.

For the purpose of this statute, force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing. " Ohio Rev. Code Ann. § 2901.01(A)(1).

The Sixth Circuit employed the categorical approach and based on Ohio state-court decisions, and guided by the various circuit court cases, concluded that:

> the force criminalized by Ohio Rev. Code Ann. § 2911.02(A)(3) is not '**violent** force…capable of causing physical pain or injury to another person.' A 'realistic probability' exists, in other words, that Ohio in applying Ohio Rev. Code Ann. § 2911.02(a)(3) in such a way that criminalizes a level of force lower than the type of violent force

---

[6] In his original sentencing in 2011, the district court determined that Yates was an armed career criminal. Years later, Yates returned to the district court to file a § 2255 motion, alleging that a number of errors occurred during his trial and at sentencing. The district court denied Yates's motion in 2014. He then filed a notice of appeal and requested a certificate of appealability (COA), which the Sixth Circuit granted on the sole issue of whether Yates's counsel provided ineffective assistance during his trial. The court later expanded the COA to include Yates's claim that he was improperly sentenced under the ACCA in light of the Supreme Court's decision in Johnson v. United States, In 2016, the Sixth Circuit affirmed the district court's denial of Yates's ineffective assistance claim, but vacated Yates's sentence. Yates's status as an armed career criminal was based in part on his 1999 Ohio robbery conviction, which the district court had deemed to be a violent felony under the ACCA's residual clause, and because the residual clause was held to be unconstitutionally vague in Johnson, the Sixth Circuit concluded that he was entitled to be resentenced.

> required by Johnson. As a consequence, Yates's conviction under that statute does not constitute a crime of violence under the guidelines' force clause, meaning that he is entitled to be resentenced.

Yates, 866 F.3d at 732.

The respondent maintains that Yates does not substantively change the law applicable to the petitioner's conviction. More specifically, the respondent alleges that the petitioner's robbery conviction qualifies as elements-clause "crime of violence." The respondent points to the indictment which states in Count One that the petitioner "did use or threaten the immediate use of force against another, to-wit: Modest Muravin" and Count Two states that the petitioner "did use or threaten the immediate use of force against another, to wit: Georgia Trivisonno." [Doc. 14-1, 1-2.]. In addition, the respondent notes that the petitioner pleaded guilty to ORC 2911.02 AF-2 as charged in Count 1. The respondent then cites United States v. Patterson, 853 F.3d 298 at 305-06 (6th Cir. 2017) and maintains that the Sixth Circuit has explicitly held that O.R.C. § 2911.02(A)(2) constitutes an elements-clause crime of violence.

The undersigned has carefully reviewed the exhibits submitted by the respondent, the Ohio Revised Code, and the orders entered in the petitioner's criminal case and in the Sixth Circuit. Based on that review, the undersigned has concluded that the Journal Entry contains a scrivener's error when it indicates that the petitioner "for plea to said indictment says that he/she is guilty of Robbery, RC 2911.02 AF-2 as charged in Count One of the Indictment….[Doc. 14-2]. Count One of the Indictment states in relevant part the [petitioner] "in attempting or committing a theft offense, as defined in Sectional 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense against First Nationwide Bank did use or threaten the immediate use of force against

another, to-wit: Modest Muravin." [Doc, 14-2 at 1.].  This description of the petitioner's actions tracks the language of § 2911.02(a)(3).  It does not contain anything close to the elements of § 2911.02(A)(2) which uses the language "inflict, attempt to inflict, or threaten to inflict physical harm to another."  Furthermore, the undersigned notes that §§ 2911.02(A)(1) and (2) are second degree felonies, while § 2911.02(A)(3) is a third degree felony.  It makes little sense that the petitioner would plead guilty to a second degree felony, when the indictment charged a third degree felony.  Finally, the undersigned notes that in the district court's Memorandum Opinion entered on May 23, 2016 , denying the petitioner's § 2255, the court found that the parties agree … that petitioner was convicted under Ohio Rev. Code § 2911.02(A)(3).

According, the undersigned finds that the robbery offense used as a basis for the petitioner's career offender enhancement, was a violation of § 2911.02(A)(3), the very provision which the Sixth Circuit determined in Yates was not a crime of violence.  Moreover, this ruling has been applied retroactively to cases on collateral review. See White v. United States, 2017 WL 7116971 (6th Cir. 2017).[7]

Therefore, applying the procedural law of the Fourth Circuit, and the substantive law of the Sixth Circuit, the petitioner satisfies the first three prongs of the Wheeler test.  The question then remains whether he meets the fourth prong: does his sentence now represent an error sufficiently grave to be deemed a fundamental defect.

---

[7] The undersigned recognizes that Yates has only been held retroactive to § 2255 cases. However, the procedural law in the Sixth Circuit with respect to the savings clause is much stricter than the Fourth Circuit.  To challenge a sentence in a § 2241 in the Sixth Circuit, petitioners must fall into a narrow subset of criteria; (1) prisoners who are sentenced under the mandatory guidelines regime; (2) who are foreclosed from filing a successive petitioner under § 2255; and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career offender enhancement. See Hill v. Masters, 836 F.3d 591 (2016). This Court is required to apply the procedural law of the Fourth Circuit.

15

As previously noted, the petitioner is currently serving a term of incarceration of 168 months for his conviction in the Northern District of Ohio which term was calculated based on his status as a career offender. However, without the career offender enhancement, the petitioner's guideline range would have been 70-87.[8] Following the reasoning of the Fourth Circuit in Lester v. Flourney, 909 F.3d 708 (2018), the undersigned concludes that a sentence disparity of nearly seven years under the mandatory guidelines is a fundamental defect and the writ should be granted, and the petitioner resentenced to 87 months, the high end of the guideline range.

Although neither the petitioner, nor the respondent acknowledge the same, the petitioner is serving a term of incarceration of 120 months which was ordered to run consecutive to his conviction in the Northern District of Ohio See 1:11-cr-51-IMK-JSK-6 (NDW. Va). Accordingly, the petitioner's maximum aggregate sentence is 207 months. As of today's date, the petitioner has been in the custody of the BOP for 234 months and 15 days. Therefore, without even calculating good time credits, the petitioner's sentence has expired.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion to Grant 2241 **[Doc. 13]** be **GRANTED**, the respondent's Motion to Dismiss **[Doc. 14]** be **DENIED**, and the petitioner be resentenced to time served.

---

[8] Pursuant to the First Step Act, under U.S.S.G. § 2D1.1, his base offense was 24 (68.32) grams of cocaine. He was subject to a two level enhancement for the gun, and a three level reduction for acceptance of responsibility. With criminal history point of 9, he fell in Criminal History Category IV.

The parties shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and provide an electronic copy to counsel of record.

DATED: January 31, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE