## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Clarksburg

**CARLTON ROBINSON,**

        Petitioner,

    v.                                      **CIVIL ACTION No. 1:20-CV-251**
                                                            Judge Bailey

**ANTONELLI,**

        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 31, 2022, wherein he recommends the petitioner's Motion to Grant 2241 be granted, the respondent's Motion to Dismiss be denied, and petitioner be resentenced to time served. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C § 2241 on November 3, 2020. In the petition, petitioner states the sentencing court misapplied the career offender guideline. For relief, petitioner requests his sentence to be vacated and resentenced without the career offender enhancement.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Respondent timely filed his objections [Doc. 20] on February 11, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed

under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

**A.    Objections to R&R**

Respondent objects to the R&R's finding that "***Yates*** has been applied retroactively to cases on collateral review in the Sixth Circuit." *See* [Doc. 20 at 1]. Respondent states that the R&R only cites to ***White v. United States***, 2017 WL 7116971 (6th Cir. 2017) to support its conclusion. Moreover, respondent asserts, relying on ***Nibco Inc. v. City of Lebanon***, 680 F.App'x 428, 433 (6th Cir. 2017), that unreported opinions of appellate courts are persuasive authority only. Respondent also states that ***In re Booker***, 797 F.App'x 959 (6th Cir. 2020) held that ***Yates*** was not a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

However, this Court agrees with Magistrate Judge Mazzone. ***In re Booker*** stands for the rule that a petitioner can only file a second or successive 2255 *if the Supreme Court of the United States* has made a new rule of constitutional law. *See **In re Booker***, 797 F.App'x 959. As stated in the footnote 7 of the R&R, the *procedural* process in the 4th and 6th Circuit contain two different standards. Because petitioner is at USP Hazelton, located in West Virginia, in the 4th Circuit, the 4th Circuit procedural law applies in the above-styled case. Thus, he meets the less stringent standard of ***United States v. Wheeler***, 886 F.3d 415, 429 (4th Cir. 2018). In ***Wheeler***, the Fourth Circuit held that a § 2255 is inadequate or ineffective to test the legality of a sentence when all four following conditions are met:

(1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now represents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. Because this Court must apply the procedural law of the Fourth Circuit and the substantive law of the Sixth Circuit, petitioner satisfies all four prongs and his sentence has now expired.

## IV. CONCLUSION

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, respondent's objections [**Doc. 20**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 18**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, petitioner's Motion to Grant 2241 [**Doc. 13**] is **GRANTED** and Respondent's Motion to Dismiss [**Doc. 14**] is **DENIED**.

Petitioner is hereby **RELEASED** from USP Hazelton **IMMEDIATELY**.

The Clerk is **DIRECTED** to **STRIKE** the above-styled case from the active docket of this court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record, to mail a copy to the *pro se* petitioner and to provide a copy to the U.S. Marshal Service.

**DATED**: February 14, 2022.

								JOHN PRESTON BAILEY
								UNITED STATES DISTRICT JUDGE